# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CHRISTOPHER DYAL,

    Plaintiff,

v.                                                                   Case No. 5:18-cv-209-Oc-02PRL

SGT. GARDNER, SGT. SAVAGE,
LT. LEE, C.O. HARPER, C.O. RIVERA,
and C.O. SANTIAGO,

    Defendants.
_____/

## **ORDER**

        This matter comes to the Court on Defendants Gardner, Savage, Lee, Harper, Rivera, and Santiago's Motions to Dismiss Plaintiff's Complaint. Dkts. 37 & 56. Plaintiff Christopher Dyal responded to these Motions. Dkt. 58. After briefing by the parties, the Court grants the Motions.

## **LEGAL STANDARD**

        To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282,

1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Plaintiff's Complaint raises thirteen Counts against six correctional officers, who worked at his former place of confinement. Dkt. 1 at 16–25. Each of these Counts involves allegations that correctional officers retaliated against Plaintiff for previously filled grievances against various other correctional officers. He seeks relief under 42 U.S.C. § 1983. As discussed below, each of these Counts is due to be dismissed.

1. <u>Retaliatory Transfer Allegations</u>

In Counts One and Two, Plaintiff raises claims under the First and Eighth Amendment based on allegations that Defendant Gardner threated to transfer Plaintiff to a different prison in retaliation for repeatedly filing grievances. *Id.* at 16. Plaintiff seeks an injunction preventing the transfer and compensatory, punitive, and nominal damages for each of these claims. *Id.* at 35. However, these claims must be dismissed.

First, Plaintiff's claim for injunctive relief fail as a matter of law. It is settled law in this Circuit that prison officials may not transfer an inmate in retaliation for

exercising his right to file grievances against prison officials. *See, e.g.*, *Nichols v. Riley*, No. 2:03CV685-WHA, 2006 WL 3236249, at *5 (M.D. Ala. Oct. 10, 2006). That said, Federal Rule of Civil Procedure 65(d) requires requests for injunctions to be specific. An injunction which merely orders Defendant Gardner to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Since prison officials are already prohibited from transferring Plaintiff in retaliation for filing grievances, the Court may not issue an injunction simply directing adherence to the law.

Second, Plaintiff is prohibited from seeking compensatory or punitive damages for the claims in Counts One and Two. Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory or punitive damages for constitutional violations unless he can show a physical injury. *See* 47 U.S.C. § 1997e(e); *see, e.g.*, *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (punitive); *Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) (compensatory). But an incarcerated plaintiff may still recover nominal damages even if the he lacks a physical injury. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."). So just like injunctive

3

relief, compensatory and punitive damages are unavailable as a matter of law for Counts One and Two.

And Plaintiff's claims are too vague and conclusory to adequately state claims for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). Both First and Eighth Amendment claims require proof of causation which Plaintiff failed to adequately allege. *See Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (First Amendment); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (Eighth Amendment). For these reasons, Counts One and Two are dismissed with leave to amend only as to claims for nominal damages.

2. Withholding Meals Allegations

Next, Plaintiff asserts that his Eighth Amendment and First Amendment rights were violated two times when he was allegedly denied a meal. Plaintiff alleges that, once in January 2018, Defendant Gardner prevented Plaintiff from getting his last meal of the day because he continued to file grievances. Dkt. 1 at 17. Plaintiff also alleges that, one time in February 2018, Defendant Santiago prevented Plaintiff from getting his morning meal. *Id.* at 23. That said, even taking these allegations at face value, neither rise to the level of constitutional violations.

A prison official has a duty to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). But "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Bryant v. Downs*, No. 609-CV-1670-ORL28KRS, 2010 WL 2593564, at *4 (M.D. Fla. June 28, 2010) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). For claims involving denial of food, courts look to the amount and duration of the deprivation to determine whether the deprivation is serious enough. *Id.* (citing *Hutch v. Dep't of Corr.*, 993 F.2d 882 (9th Cir.1993)).

Here Plaintiff has been in custody for most of the past twenty years, and alleges the deprivation of a single meal on two separate occasions a month apart. This deprivation is not sufficiently serious to rise to the level of a constitutional violation and it is therefore subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *see, e.g.*, *Dartling v. Farwell*, 139 F. App'x 847, 847 (9th Cir. 2005) (holding that an inmate's allegation that he was deprived of a single meal could not support an Eighth Amendment claim); *O'Connor v. Carnahan*, No. 3:10CV360/LAC/EMT, 2011 WL 1326446, at *2 (N.D. Fla. Apr. 6, 2011) (noting "there is abundant case law indicating that a claim of the deprivation of a single meal on a single occasion, does not" rise to a constitutional violation). Thus,

Counts Three, Four (only for allegations related to withholding a meal), and Eleven must be dismissed with prejudice.

   3. Conspiracy Allegation

Plaintiff's conspiracy claim fails under the intracorporate conspiracy doctrine. In Count Thirteen Plaintiff alleges that Defendants Rivera, Harper, Gardner, and Santiago engaged in a conspiracy to "discriminate against Plaintiff with evil intent." Dkt. 1 at 24. Yet, under the intracorporate conspiracy doctrine "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). Simply put, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider v. City of Auburn*, 618 F.3d 1240, 1260–61 (11th Cir. 2010). This doctrine applies to public entities—including correctional institutions. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001); *see also Crenshaw v. Lewis*, No. 8:14-CV-1941-T-27AEP, 2016 WL 521531, at *4 (M.D. Fla. Feb. 5, 2016).

Plaintiff's conspiracy claim is against five employees of the Marion Correctional Institution. Since each Defendant works for the same entity and they were acting within the scope of their employment as corrections officers, as a

matter of law they cannot be engaged in a conspiracy. Since this claim fails as a matter of law, Count Thirteen must be dismissed with prejudice.

4. Transfer of Inmate Witness Allegation

In Counts Six and Nine Plaintiff alleges that Defendants Gardner and Savage retaliated against Plaintiff in violation of the First and Fourteenth Amendments by transferring another inmate to a different correctional institution. Plaintiff alleges that one of his fellow inmates—who intended to serve as a witness for Plaintiff in another lawsuit against Marion correctional officers—was harassed by correctional officers, attacked by other inmates, and then transferred to another correctional institution, in retaliation for being a witness.

First, even accepting Plaintiff's allegations at face value, Plaintiff cannot sue to vindicate the rights of another inmate. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Next, to prevail Plaintiff's First Amendment retaliation claim must show, among other things, that he "suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech[.]" *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). But Plaintiff has failed to show that he suffered adverse action. Plaintiff does not allege that his ability to call the other inmate as a witness was impaired nor is there

7

evidence it was actually impaired. So even accepting the facts as alleged by Plaintiff, Counts Six and Nine cannot stay a claim and must be dismissed.

   5. Threat Allegations

Plaintiff also has three Counts (4, 5, & 7) in his Complaint based on alleged threats by various Defendants for previously filed grievances. Plaintiff alleges that certain Defendants engaged in a "campaign of harassment" against him that left him in fear of danger or death. Dkt. 1 at 21. Yet, in each of these Counts, Plaintiff fails to allege sufficient facts to amount to First or Eighth Amendment violations.

To state a claim for First Amendment retaliation a plaintiff must establish that: "(1) his speech was constitutionally protected"; (2) he suffered adverse action; and "(3) there is a causal relationship between the retaliatory action and the protected speech." *Smith*, 532 F.3d at 1276. To show the defendant's conduct adversely affected protected speech, a plaintiff must show the defendant's conduct would likely "deter a prisoner of ordinary firmness" from exercising his First Amendment rights. *Id.* at 1277. This is an objective standard. *Id.*

Here, Plaintiff makes general allegations about the type of adverse action he suffered. In Count Five, Plaintiff alleges that he was "threatened by [Defendants Lee, Gardner, and Rivera] to the point of fear for safety or death." Dkt. 1 at 18–19. This Count is based on vague allegations of threats that remain within the bounds a general allegation of "adverse action." *Twombly*, 550 U.S. at 555 ("[A] plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff's allegation does not rise to the level necessary to adequately state a claim for relief.

Then, to state a claim for an Eighth Amendment violation, a plaintiff must adequately plead "(1) a substantial risk of serious harm; (2) a defendant's deliberate indifference to that risk; and (3) causation." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). The existence of substantial risk is an objective measure and deliberate indifference is measured subjectively. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Plaintiff fails to adequately allege facts to meet these elements for Counts Four and Seven.

In Count Four Plaintiff states he was "threatened [Plaintiff] with attack from other inmates at the order of [Defendant] Gardner." Dkt. 1 at 18. Plaintiff fails to allege any facts about the existence of a "substantial risk" that other inmates—with or without the direction of Defendant Gardner—would attack Plaintiff. And in Count Seven, Plaintiff alleges Defendants Lee, Gardner, Savage, and Rivera engaged in a "campaign of harassment" causing Plaintiff to live in "fear of danger [and] also death." Dkt. 1 at 21. These allegations are merely conclusory statements lacking in any factual detail. Both Counts are based on vague allegations and are

9

insufficient to present an adequately pled claim for an Eighth Amendment violation.

In sum, in Counts Four, Five, and Seven, Plaintiff makes vague and conclusory allegations related to threats made by Defendants. Each count is insufficiently pled. *See Twombly*, 550 U.S. at 555. For this reason, these Counts must be dismissed.

6. <u>Equal Protection Violation Allegation</u>

Count Eight of the Complaint raises a Fourteenth Amendment claim based on a "class of one" Equal Protection clause violation. Dkt. 1 at 21. While the Supreme Court has recognized "class of one" equal protection claims, a plaintiff can only establish a claim by showing he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Count Eight of Plaintiff's Complaint is merely a formulaic recitation of that legal standard. *See, e.g.*, Dkt. 1 at 21–22 ("Plaintiff has been treated differently from the rest of the inmates . . . . [T]here is no legitimate government or institutional interest[.]"). As a result, Plaintiff has failed to state a claim in this Count and it must be dismissed. *See Twombly*, 550 U.S. at 555.

7. Choking Allegations

In Count Ten, Plaintiff raises a claim for excessive force in violation of the Eighth Amendment's prohibition of infliction of cruel and unusual punishment. Dkt. 1 at 23. For excessive force claims, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). This inquiry involves "both a subjective and objective component: (1) whether the 'officials act[ed] with a sufficiently culpable state of mind,' and (2) 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" *Tate v. Rockford*, 497 F. App'x. 921, 923 (11th Cir. 2012) (per curiam) (quoting *Hudson*, 503 U.S. at 8.).

Here, Plaintiff merely alleges that Defendant Harper "became angry and out of professional character then grabbed the Plaintiff by the neck and choking him until Plaintiff begged him to stop." Dkt. 1 at 23. Vague and conclusory allegations will not support an action under 42 U.S.C. § 1983. *Hendrix v. Tucker*, 535 F. App'x. 803, 804–05 (11th Cir. 2013) (per curiam). Plaintiff does not sufficiently allege that Defendant Harper has a culpable state of mind or that Defendant Harper's actions were objectively harmful. As such, Count Ten of the Complaint must be dismissed for failure to state a claim.

Then, in Count Twelve Plaintiff raises a failure to intervene claim against Defendant Santiago for the same set of facts. Plaintiff alleges that Defendant Santiago saw Defendant Harper choke Plaintiff and did not intervene. Dkt. 1 at 24. But this Count must also be dismissed.

The standard for failure to intervene is well established in this Circuit: "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (internal quotation omitted). "But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Id.* at 1331. Plaintiff does not allege that Defendant Santiago was in any position to intervene in the interaction between Defendant Harper and Plaintiff. As a result, Count Twelve must be dismissed for failure to adequately state a claim for failure to intervene.

## CONCLUSION

The Court grants Defendants' Motions to Dismiss (Dkts. 37 & 56) as to Counts Three, Four (for the allegations related to withholding meals), Eleven, and Thirteen with prejudice and grants the Motions to Dismiss for the remaining Counts without prejudice. Plaintiff has thirty (30) days to file an amended complaint consistent with this Order.

**DONE AND ORDERED** at Tampa, Florida, on February 20, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se