UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER DYAL,

    Plaintiff,

v.                                                        Case No. 5:18-cv-209-Oc-02PRL

SGT. GARDNER,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause comes before the Court on Defendant Gardener's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 67). Plaintiff Christopher Dyal responded to the Motion. (Doc. 68). Having considered the parties' submissions and the applicable authorities, the Court grants the Motion.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially

noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

In his Amended Complaint (Doc. 66), Plaintiff sues Sgt. Gardener for alleged wrongdoing during his incarceration at Marion Correctional Institution ("MCI"). *Id.* at 13-16. Plaintiff claims Sgt. Gardener violated his First and Eighth Amendment rights.

### First Amendment Retaliation

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1249 (11th Cir.

2

2003). To prove a First Amendment retaliation claim, an inmate must prove three elements: (1) his speech was constitutionally protected, (2) he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and (3) a causal relationship between the protected speech and the retaliatory action. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). An inmate exercises his First Amendment rights when he complains to prison administrators about the conditions of his confinement. *Id.* In determining whether a causal connection exists, we consider "whether the defendants were subjectively motivated to discipline because [the inmate] complained of some of the conditions of his confinement." *Id*. at 1278.

While an inmate has no constitutional right to remain at the institution where he is presently confined, *see Meachum v. Fano*, 427 U.S. 215, 225 (1976), prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. *Bridges v. Russell*, 757 F.2d 1155, 1157 (11th Cir. 1985). Such retaliatory transfers violate an inmate's First Amendment rights. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). But verbal threats alone are not enough to sustain a constitutional violation claim. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *McFadden*, 713 F.2d at 146 (mere threats do not violate a constitutional right); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam) (holding "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim").

Plaintiff claims that on December 19, 2017, Sgt. Gardener "initiated a campaign of harassment" by threatening to have Plaintiff "transferred to another Institution that would be very far from the Plaintiff's family" if Plaintiff "continued to file paper work against his personal friends." (Doc. 66 at 13). Plaintiff states that these "personal friends" were Defendants in a separate Civil Rights filed by Plaintiff. *Id*. Sgt. Gardener allegedly also told Plaintiff that he, Sgt. Gardener, had friends in the medical department that Plaintiff had written grievances against. *Id*. On January 2, 2018, Plaintiff was approached by Sgt. Gardener and two other officers in the "chow hall." *Id*. at 14. Plaintiff claims that Sgt. Gardener told him that he, Sgt. Gardener, had already warned him, Plaintiff, of retaliation. *Id.* After that encounter, Plaintiff claims Sgt. Gardener retaliated by "the refusal of meals." *Id.* Plaintiff states that he was ultimately transferred on January 14, 2019.[1] *Id.*

Plaintiff's claims fail to state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). Specifically, Plaintiff has failed plead the causation element – a causal relationship between the filing of grievances and the transfer. Plaintiff states that he was transferred "under protective custody," not in retaliation for filing grievances. Further, the last encounter with Sgt.

---

[1] Plaintiff claims he was "transferd [sic] under protective custody later on 1/14/19 from Marion C.I. under the protection from staff harassment and multiple excessive force incidents." (Doc. 66 at 14).

4

Gardener was described by Plaintiff in his Amended Complaint as occurring on January 2, 2018, more than 1 year before he was transferred. Thus, this claim fails as a matter of law, and because Plaintiff was previously afforded an opportunity to amend this claim, it is dismissed with prejudice.

Eighth Amendment

A prison official has a duty to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). But "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Bryant v. Downs*, No. 6:09-CV-1670-Orl-28KRS, 2010 WL 2593564, at *4 (M.D. Fla. June 28, 2010) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). For claims involving denial of food, courts look to the amount and duration of the deprivation to determine whether the deprivation is serious enough. *Id.* (citing *Hutch v. Dep't of Corr.*, 993 F.2d 882 (9th Cir.1993)).

Here Plaintiff alleges the deprivation of "multiple meals." (Doc. 66 at 16). In the Inmate Requests attached to the Amended Complaint, Plaintiff specifically identifies two separate days where he was deprived of a single meal – January 7, 2018, *see* Doc. 66 at 22, and January 30, 2018, *see* Doc. 66 at 35. This deprivation is not sufficiently serious to rise to the level of a constitutional violation and it is therefore subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *see, e.g., Darting v. Farwell*, 139 F. App'x 847, 847 (9th Cir. 2005) (holding that an inmate's allegation that he was deprived of a single meal could not support an Eighth Amendment claim); *O'Connor*

*v. Carnahan*, No. 3:10CV360/LAC/EMT, 2011 WL 1326446, at *2 (N.D. Fla. Apr. 6, 2011) (noting "there is abundant case law indicating that a claim of the deprivation of a single meal on a single occasion, does not" rise to a constitutional violation). Thus, this claim fails as a matter of law, and because Plaintiff was previously afforded an opportunity to amend this claim, it is dismissed with prejudice.

## CONCLUSION

Defendant Gardener's Motion to Dismiss (Doc. 67) is **GRANTED**. The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** at Tampa, Florida, on September 28, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se